1 | EMGE & ASSOCIATES
2 | DEREK J. EMGE; SBN: 161105
   | derek@emgelawfirm.com
3 | 525 "B" Street, Suite 760
4 | San Diego, CA  92101
   | Telephone:    (619) 595-1400
5 | Facsimile:    (619) 595-1480
6 |
7 | LAW OFFICES OF DAVID A. HUCH
   | DAVID A. HUCH; SBN: 222892
8 | dhuch@onebox.com
9 | 310 N. Indian Hill Blvd., Suite 459
   | Claremont, CA  91711
10 | Telephone:   (888) 533-2899
   | Facsimile:   (909) 614-7008
11 |
12 | Attorneys for Plaintiff, WESLEY NIELSEN
13 |
14 | **IN THE UNITED STATES DISTRICT COURT**
15 | **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| WESLEY NIELSEN, Individually and On Behalf of All Others Similarly Situated, | CASE NO. CV 10 - 04558 AHM SSx |
|---|---|
| Plaintiff, | **CLASS ACTION** |
| v. | **COMPLAINT:** |
| HILTON WORLDWIDE, INC., a Delaware Corporation; HILTON RESERVATIONS WORLDWIDE, LLC; a Delaware Limited Liability Company; and DOES 1 through 50, inclusive, | 1)  Failure to Pay Earned Wages and Overtime Compensation in Violation of California Labor Code §§ 204, 210, 218, 510, 1194 and 1198; <br> 2)  Failure to Provide Accurate Itemized Wage Statements in Violation of California Labor Code § 226; <br> 3)  Unlawful Business Practices (Bus. & Prof. Code Section 17200, *et seq.*); <br> 4)  Unfair Business Practices (Bus. & Prof. Code Section 17200, *et seq.*) <br> 5)  Violation of Fair Labor Standards Act (29 U.S.C. § 216) |
| Defendants. | JURY TRIAL DEMANDED |

COMPLAINT

1    Plaintiff Wesley Nielsen ("Plaintiff") brings this suit on behalf of himself and
2    all others similarly situated, and makes the following allegations on information and
3    belief, except as to allegations specifically pertaining to Plaintiff, which is based
4    upon personal knowledge:

## NATURE OF THE ACTION

6    1.    Hilton Worldwide is a global hospitality company. *Hilton* brands
7    encompass more than 3,200 lodging properties worldwide with over 500,000 rooms
8    in 77 countries.

9    2.    Hilton Worldwide systemically denies earned wages and overtime pay
10   to its non-exempt, hourly Reservations and Services Specialists; Customer Care
11   Representatives; and similar employees, who work in its Hemet, California
12   Customer Care call center and its other two Customer Care call centers in Dallas,
13   Texas and Tampa, Florida.   Hilton Worldwide's failure to pay employees their
14   earned wages and overtime compensation violates, among others, the Fair Labor
15   Standards Act ("FLSA") and California wage and hour law.

16   3.    This lawsuit is brought as a class action under California law and a
17   collective action under the FLSA to recover unpaid wages owed to Plaintiff and all
18   other similarly situated workers employed in Hilton Worldwide Customer Care call
19   centers.

20   4.    Plaintiff and similarly situated employees are only compensated for
21   work time accrued when they are on the telephone reservations system actually
22   making *Hilton* reservations and when their individual reservations system states
23   such employees are "AVAILABLE" to make reservations.

24   5.    Plaintiff and similarly situated employees engage in numerous
25   preparatory activities, as well as other related work activities performed throughout
26   their work shifts and at the end of their work day, that are integral and indispensable
27   for them to perform their reservations and customer service duties.  Defendants
28   required Plaintiff and similarly situated employees to perform unpaid work,

1

COMPLAINT

1 | including but not limited to booting-up computers; initializing software programs;
2 | adding important information to existing reservations; follow-up communications
3 | with *Hilton* customers pertaining to existing reservations; performing reservations
4 | and customer service duties during maintenance of Defendants' computer and
5 | telephone systems; meeting with and communicating with supervisors, managers
6 | and other managing agents; participating in employee training and recognition
7 | programs, including *Hilton* Commitment to Excellence; meeting with and
8 | consulting with I.T. employees over technical issues; reviewing employee time
9 | records and payroll records on the "Connect" database; reading mandatory e-mails;
10 | reading mandatory *Hilton* bulletins, special rating plans and other important
11 | information pertaining to *Hilton* properties, rates and locations; writing incident
12 | reports; writing reports pertaining to computer system and telephone system
13 | performance; reservations duties performed while computers are inoperable or "off-
14 | line," and other similar work duties.  Hilton Worldwide does not pay class members
15 | for this work time, and consequently class members are consistently performing
16 | required, yet unpaid, work activities.  Plaintiff and all similarly situated employees
17 | are entitled to compensation, including overtime pay, for all work hours required,
18 | suffered and/or permitted by Hilton Worldwide.

19 |      6.     Plaintiff and similarly situated employees are also measured for
20 | monthly performance evaluations which directly affect compensation.  Hilton
21 | Worldwide's performance evaluations compare, in part, the total reservations
22 | produced in relation to the number of calls received.  However, reservations and
23 | customer service employees scheduled for Saturday nights unfairly suffer from
24 | lower conversion rates because Defendants' computerized telephone reservation
25 | system is taken down for maintenance each Saturday night making it impossible for
26 | such employees to produce reservations.

27
28

COMPLAINT

**JURISDICTION AND VENUE**

7.     The Court has original jurisdiction over the state law claims in this Action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) at least some members of the proposed Class have a different citizenship from Defendant; and (2) the claims of the proposed Class members exceed $5,000,000.00 (Five Million U.S. Dollars) in the aggregate.   In addition, this Court has supplemental jurisdiction to hear the state law claims stated herein under 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

8.     Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction to hear the claims in this Action under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").   The representative Plaintiff has signed a consent form to join this lawsuit, a true and correct copy of which has been filed with the Court as Exhibit "A."

9.     The Central District of California has personal jurisdiction over the Defendants named in this Action because they are corporations or other business entities authorized to do business in the State of California and registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails themselves of the California market through the ownership and management of hundreds of lodging properties throughout the State of California.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the Defendants named in this Action reside, transact business, or are found within this District, and a substantial part of the events giving rise to Plaintiff's claims arose here.   Plaintiff's claims arise out of his employment with Defendants at a *Hilton Worldwide* reservations call center in the city of Hemet, County of Riverside, State of California.

COMPLAINT

1

**PARTIES**

2      11.    Plaintiff WESLEY NIELSEN is a competent adult who resides in the

3  City of Hemet, County of Riverside, State of California. From his date of hire, at or

4  around June 2009 to the present, Plaintiff has been employed by Defendants at a

5  *Hilton Worldwide* Customer Care call center in Hemet, California as a non-exempt,

6  hourly Reservations and Services Specialist.

7      12.    Plaintiff is informed and believes, and thereon alleges, that Defendant

8  HILTON WORLDWIDE, INC. is a Delaware corporation with its principal place of

9  business in McLean, Virginia. At all times mentioned herein, Defendant HILTON

10  WORLDWIDE, INC. has been doing business in the State of California through its

11  ownership and/or management of thousands of *Hilton Worldwide* hotels and other

12  lodging properties throughout the world, including hundreds of properties in

13  California.

14      13.    Plaintiff is informed and believes, and thereon alleges, that Defendant

15  HILTON RESERVATIONS WORLDWIDE, LLC is a Delaware limited liability

16  company with its principal place of business in McLean, Virginia. At all times

17  mentioned herein, Defendant HILTON RESERVATIONS WORLDWIDE, LLC

18  has been doing business in the State of California and elsewhere through its

19  ownership and/or management three *Hilton Worldwide* reservations Customer Care

20  call centers in Hemet, California; Dallas, Texas; and Tampa, Florida.

21      14.    Plaintiff is informed and believes, and thereon alleges, that

22  Defendants   HILTON WORLDWIDE, INC. and HILTON RESERVATIONS

23  WORLDWIDE, LLC have been Plaintiff's employers from at or around June 2009

24  to the present. At all relevant times, Defendants HILTON WORLDWIDE, INC.

25  and HILTON RESERVATIONS WORLDWIDE, LLC have employed Plaintiff and

26  exercised direct and indirect control over Plaintiff's wages, hours, and working

27  conditions.

28

COMPLAINT

15.    Plaintiff does not know the true names and capacities of defendants sued herein as Does 1 through 50, inclusive.  Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants was in some manner legally responsible for the actionable and unlawful actions, policies and practices as alleged herein.  Plaintiff will amend this Complaint to set forth the true names and capacities of said defendants, along with the appropriate charging allegations when the same have been ascertained.

16.    Plaintiff is informed and believe, and thereon alleges, that at all times mentioned herein, all Defendants, and each of them, were acting as the agent and/or employee of each remaining co-defendant, and were acting with permission and consent of each other, and within the course and scope of said agency and/or employment.  Plaintiff is further informed and believes that each co-defendant, by and through its officers, directors or managing agents, ratified, authorized and approved, expressly or implicitly, all of the conduct alleged herein.

17.    When in this Complaint reference is made to any act of the "Defendants," such shall be deemed to mean that officers, directors, agents, employees, or representatives of the Defendants named in this lawsuit committed or authorized such acts, or failed and omitted to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of the Defendants and did so while acting within the scope of their employment or agency.

18.    When in this Complaint reference is made to any act by a "Defendant" or "Defendants," such allegations and reference shall also be deemed to mean the acts and failures to act of each of the named Defendants acting individually, jointly and severally.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

19.    Plaintiff brings Counts I, II, III and IV of this suit as a class action pursuant to Federal Rules of Civil Procedure, Rule 23, on behalf of all individuals

COMPLAINT

employed by Defendants at the Hilton Worldwide reservations Customer Care call center in Hemet, California in hourly, non-exempt reservations and customer service employment positions, during the relevant time period.

20.     Plaintiff brings Count V, the FLSA claim, as a nationwide collective action pursuant to 29 U.S.C. § 216(b).  The FLSA claim may be pursued by Hilton Worldwide reservations Customer Care call center employees who opt-in to this case.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants.

21.     The state law claims, if certified, may be pursued by similarly situated persons who do not opt out of the Class.   Class members may easily and quickly be notified of the pendency of this action.

22.     The putative Class and Subclass Plaintiff will seek to certify is currently composed of and defined as follows:

a.     All current and former non-exempt, hourly employees who have been employed as Reservations and Services Specialists; Customer Care Representatives; and/or in similar employment positions, at the Hilton Worldwide reservations Customer Care call center in Hemet, California between June 21, 2006 and the present (hereinafter, "the Class").

b.     All current and former non-exempt, hourly employees who have been employed as Reservation and Services Specialists; Customer Care Representatives; and/or in similar employment positions, and who have worked Saturday night shifts, at the Hilton Worldwide reservations Customer Care call center in Hemet, California between June 21, 2006 and the present (hereinafter, "the Subclass").

23.     <u>Numerosity</u>: The number of members of the Class as defined is so numerous that joinder of all members would be unfeasible and impractical.  The

6

1   disposition of their claims through this class action will benefit both the parties and

2   this Court.  The number of members of the Class is currently unknown to Plaintiffs;

3   however, it is estimated that there are more than 1000 members in the Class.  The

4   number and identity of such membership is readily ascertainable via inspection of

5   Defendants' records.

6       24.   Typicality:  The claims of Plaintiffs are typical of the claims of all

7   members of the Class mentioned herein because Plaintiff and all members of the

8   Class sustained injuries and damages arising out of Defendants' common course of

9   conduct in violation of California wage and hour law, and the injuries and damages

10  of Plaintiff and all members of the Class were caused by Defendants' wrongful

11  conduct in violation of California statutory and regulatory law, as alleged herein.

12      25.   Adequacy:  Plaintiff is an adequate representative of the Class and

13  will fairly protect the interests of the members of the Class, and has no interests

14  antagonistic to the members of the Class, and will vigorously pursue this suit via

15  attorneys who are competent, skilled and experienced in litigating matters of this

16  type.

17      26.   Superiority:  The nature of this action and the nature of the laws

18  available to Plaintiff makes the use of the class action format a particularly effective

19  and  appropriate  procedure  to  afford  relief  to  the  Class  for  the  wrongs  alleged

20  herein:

21          a.    This  case  involves  large  corporate  Defendants  and  a  large

22  number  of  individual  class  members  with  wage  and  hour  claims  that  arise  from

23  common issues of law and fact.

24          b.    If each individual member of the Class were required to file an

25  individual  lawsuit,  Defendants  would  gain  an  unconscionable  advantage  because

26  Defendants  would  be  able  to  exploit  and  overwhelm  the  limited  resources  of  each

27  member of the Class with Defendants' vastly superior financial and legal resources.

28

7                                    COMPLAINT

c.      Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Class who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation;

d.      Proof of a common business practice or factual pattern, of which the members of the Class experienced, is representative of the Class herein and will establish the right of each of the members of Class to recover on the causes of action alleged herein; and

e.      The prosecution of separate actions by the individual members of the Class, even if possible, would create a substantial risk of inconsistent and varying verdicts or adjudications with respect to the individual members of the Class against Defendants, which would establish potentially incompatible standards of conduct for Defendants and/or legal determinations with respect to individual members of the Class.

27.    Existence and Predominance of Common Questions of Fact and Law

Defendants have the legal burden to establish that each and every non-exempt employee, including members of the Class, are paid for all hours worked and to accurately record all hours worked by non-exempt employees.  Defendants, however, as a matter of uniform and systematic policy and procedure failed to have in place during the Class Period and still have failed to have in place a policy and practice to accurately record all hours worked so as to satisfy their burden.

28.    There are common questions of fact and law as to the members of the Class, which predominate over questions affecting only individual members of the Class including, without limitation:

a.      Whether the members of the Class, on a regular basis were expected, required, permitted and/or suffered to work hours when they were not on the telephone reservations system actually making *Hilton* reservations;

8

b.   Whether the members of the Class, on a regular basis were expected, required, permitted and/or suffered to work hours other than when their individual reservations system stated they were "AVAILABLE" to make reservations;

c.   Whether the members of the Class were expected, required, permitted and/or suffered to work overtime hours on a regular basis;

d.   Whether the actual work hours of the members of the Class were recorded by Defendants;

e.   Whether the members of the Class were paid wages for all hours worked;

f.   Whether the members of the Class were paid overtime compensation in accordance with California statutory and regulatory law;

g.   Whether Defendants provided members of the Class with accurate, itemized wage statements;

h.   Whether Subclass members received lower evaluations because of the inability to turn calls into reservations during periods in which Defendants' computerized telephone reservation system was unavailable because of maintenance;

i.   Whether Defendants' conduct constituted unfair or unlawful business practices within the meaning of Business & Professions Code § 17200 *et seq.*;

j.   Whether the members of the Class are entitled to compensatory damages, and if so, the means of measuring such damages;

k.   Whether the members of the Class and/or Subclass are entitled to injunctive relief;

l.   Whether the members of the Class are entitled to restitution;

COMPLAINT

m.  Whether the members of the Class are entitled to disgorgement of profits;

n.  Whether Defendants are liable for pre-judgment interest; and

o.  Whether Defendants are liable for attorneys' fees and costs.

## COUNT I.
## Failure to Pay Earned Wages and Overtime Compensation in Violation of California Labor Code §§ 204, 210, 510 & 1194

(On Behalf of Plaintiff and the CLASS)

29.  Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

30.  California Labor Code § 204 requires employers to pay employees for all hours worked as follows: "all wages...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."  California Labor Code § 510 further provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

31.  California Labor Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with costs of suit and statutory attorneys fees.

32.  Plaintiff further alleges that throughout the Class Period all members of the Class, including Plaintiff, have been classified by Defendants as non-exempt, hourly employees.

33.  As set forth herein, Defendants' policy and practice has been to intentionally and uniformly deny payment of wages due for all hours worked, including overtime hours worked, to Class members.  This has been done in an illegal attempt to avoid payment of earned wages, overtime compensation and

10

COMPLAINT

1   other benefits in violation of the California Labor Code and California Industrial
2   Welfare Commission requirements.

3        34.    Plaintiff alleges, on the basis of information and belief, that at all
4   relevant times Defendants have continuously engaged in the regular practice of
5   requiring, suffering or permitting members of the Class to accrue work hours but
6   Defendants have unlawfully failed to pay wages earned to Class members,
7   including Plaintiff, for all hours worked in violation of California Labor Code §
8   204 and applicable Industrial Welfare Commission requirements.  Class members'
9   and Plaintiff's work hours are evidenced by Defendants' records and witnessed by
10  management.

11       35.    Plaintiff alleges, on the basis of information and belief, that at all
12  relevant times Defendants have continuously engaged in the regular practice of
13  requiring, suffering or permitting members of the Class to work hours in excess of
14  eight hours per day and/or 40 hours per week.   Despite Class members regularly
15  working hours in excess of eight hours per day and/or 40 hours per week,
16  Defendants have unlawfully failed to pay overtime compensation to Class
17  members, including Plaintiff, for all overtime hours worked in violation of
18  California Labor Code § 510 and applicable California Industrial Welfare
19  Commission requirements.  Class members' and Plaintiff's overtime hours are
20  evidenced by Defendants' records and witnessed by management.

21       36.    As a result of the actions of Defendants in failing and/or refusing to
22  pay earned wages and overtime compensation, members of the Class, including
23  Plaintiff, were damaged by not receiving all wages owed and by not receiving
24  overtime compensation which they should have received, but did not receive.
25  Defendants have known or should have known that Plaintiff and members of the
26  Class have accrued work hours, including overtime hours, for which Plaintiff and
27  members of the Class have not been compensated.  Defendants systemically
28  elected, either through intentional malfeasance or gross nonfeasance, not to pay

COMPLAINT

1    Plaintiff and members of the Class for all hours required, suffered, or permitted to
2    work as a matter of uniform corporate policy, practice and procedure.    To
3    perpetrate this scheme, Defendants have refused to institute a system for recording
4    all hours worked.    Members of the Class, including Plaintiff, are therefore entitled
5    to compensation in an amount to be proven at trial for unpaid earned wages, unpaid
6    overtime compensation, pre-judgment interest, attorneys' fees and costs pursuant
7    to California Labor Code sections 218.5, 218.6 and 1194.

8                                    **COUNT II.**
9    **Failure to Provide Accurate Itemized Wage Statements in Violation of**
     **California Labor Code §§ 226; Cal. Code Regs., Title 8 § 11040 section 7**
10
11                    (On Behalf of Plaintiff and the CLASS)
12          37.    Plaintiff realleges by reference, as if fully set forth herein, all of the
13   above Paragraphs.
14          38.    California Labor Code Section 226 requires an employer to keep
15   accurate, itemized pay statements.  Under California law, gross wages earned, the
16   precise, actual number of hours and minutes worked by a non-exempt employee,
17   all deductions, net wages earned, inclusive dates of the pay period, the name of the
18   employee, the name and address of the legal entity that is the employer, and all
19   applicable hourly rates in effect during the pay period must be accurately itemized
20   on each pay statement.
21          39.    During the applicable statutory period, Defendants routinely failed to
22   provide the members of the Class, including Plaintiff, at the time of each payment
23   of wages, an accurate itemized statement in writing showing the requirements of
24   California Labor Code § 226 and section 7 of Title 8 California Code of
25   Regulations, § 11040. Specifically, Defendants only record hours that Plaintiff and
26   members of the Class are "available" for reservation calls, but exclude all hours in
27   which  duties  were  performed  when  "unavailable"  for  reservation  calls.
28   Defendants' failure to provide accurate itemized wage statements to the members

                                        12                              COMPLAINT

1  of the Class, including Plaintiff, has been the intentional result of Defendants'
2  refusal to institute a system for accurately recording hours worked by Plaintiff and
3  members of the Class.   Defendants' failure to provide accurate itemized wage
4  statements to members of the Class, including Plaintiff, has repeatedly been
5  brought to the attention of Defendants, has been ignored by Defendants, has been
6  knowing and intentional, and was in clear violation of California Labor Code §
7  226(a).

8      40.   The members of the Class, including Plaintiff, have suffered injuries
9  as a result of the knowing and intentional failure of Defendants to comply with
10  California Labor Code § 226(a) and Title 8 CCR § 11040(7), in that Defendants'
11  failure to provide Plaintiff and Class Members with accurate itemized wage
12  statements made it impossible for Plaintiff and the members of the Class to be
13  aware that unlawful deductions were being made from their earnings, that they
14  were not being paid all wages earned, and that in certain instances their wages fell
15  below the statutory hourly overtime wage rates.

16      41.   Plaintiff is informed and believes, and thereon alleges, that
17  Defendants' knowing and intentional failure to furnish the members of the Class
18  with accurate itemized wage statements, as alleged above, violated California
19  Labor Code § 226(a), as well as Title 8 CCR § 11040(7).   California Labor Code §
20  226(e) entitles Plaintiff and the members of the Class to recover the greater of their
21  actual damages caused by Defendants' violations, or $50 per employee for the
22  initial pay period in which the violation occurred, and $100 per employee for each
23  violation in subsequent pay periods, not exceeding an aggregate penalty of $4,000
24  per employee.

25
**COUNT III.**
26  **Unlawful Business Practices in Violation of California**
**Business & Professions Code §§ 17200 *et seq.***
27

28  (On behalf of Plaintiff and the CLASS)

42.     Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

43.     Within each of the four years prior to the commencement of this action, Plaintiffs are informed and believe, and thereon allege, that Defendants have unlawfully failed to pay hourly wages and overtime wages to Class Members, including Plaintiff, in violation of California Labor Code §§ 204, 218, 510 and 1194.

44.     By committing the alleged acts and/or omissions as described in this Complaint, Defendants have engaged, and continue to engage, in unlawful and/or unfair business practices within the meaning of California Business & Professions Code § 17200 *et seq.*

45.     Plaintiff alleges, on the basis of information and belief, that by and through Defendants' alleged acts and/or omissions as described in this Complaint, Defendants have obtained valuable property, money, and services from Plaintiff and members of the Class and have deprived Plaintiff and members of the Class of valuable rights and benefits guaranteed by law and contract, all to Plaintiff's and Class members' detriment and to the benefit of Defendants.

46.     A request for injunctive relief, restitution and for the disgorgement of unlawfully earned profits is specifically authorized by California Business & Professions Code § 17200 *et seq.* Thus, on behalf of Plaintiff and members of the Class, Plaintiff seeks injunctive relief, restitution (to members of the Class) of all unlawfully withheld funds, and the disgorgement of all unlawfully earned profits (to members of the Class) obtained by Defendants as a result of Defendants' alleged unlawful, unfair and deceptive acts and/or omissions as described in this Complaint.

47.     Plaintiff is informed and believes, and thereon alleges, that unless restrained and ordered to pay restitution and disgorge profits derived from said unfair, unlawful and deceptive business practices, Defendants will continue to

COMPLAINT

1  engage in the alleged unfair, unlawful and deceptive acts and/or omissions as
2  described in this Complaint.

3                              **COUNT IV.**
4  **Unfair Business Practices in Violation of California**
   **Business & Professions Code §§ 17200 *et seq.***
5              (On behalf of Plaintiff and the SUBCLASS)

6       48.    Plaintiff realleges by reference, as if fully set forth herein, all of the
7  above Paragraphs.

8       49.    Within each of the four years prior to the commencement of this
9  action, Plaintiff is informed and believes, and thereon alleges, that Defendants
10 have evaluated their non-exempt reservations and customer service employees on a
11 monthly basis for purposes of determining rates of pay, including whether such
12 employees are subject to raises or penalties. Evaluations include a comparison of
13 the number of reservations booked in relation to the number of calls received.

14      50.    Plaintiff and the Subclass worked Saturday night shifts, during which
15 Defendants' computerized telephone reservations system was taken down or "off-
16 line" by Defendants for weekly maintenance. During such periods, Plaintiff and
17 members of the Subclass were required to accept incoming reservation calls, but
18 were unable to book any reservations.

19      51.    Plaintiff and members of the Subclass received negative monthly
20 evaluations as a result of their inability to book reservations during portions of
21 their Saturday night work shifts. These negative monthly evaluations have resulted
22 in penalties and lost income.

23      52.    By committing the alleged acts and/or omissions as described in this
24 Complaint, Defendants have engaged, and continue to engage, in unfair business
25 practices within the meaning of California Business & Professions Code § 17200
26 *et seq.* The utility of not recognizing the inability of Subclass members to have
27 adequate conversion rates is outweighed by the gravity of the resulting harm,
28 which includes, but is not limited to, negative monthly reviews and low or

COMPLAINT

1   nonexistent raises.  The practice offends public policy, is unscrupulous, unethical
2   and offensive.

3       53.    A request for injunctive relief is specifically authorized by California
4   Business & Professions Code § 17200 *et seq*. Thus, on behalf of Plaintiff and
5   members of the Subclass, Plaintiff seeks both proactive and backward reaching
6   injunctive relief.

7       54.    Plaintiff is informed and believes, and thereon alleges, that unless the
8   requested relief is obtained, Defendants will continue to engage in the alleged
9   unfair acts as described in this Complaint.

10                          **COUNT V.**
11          **Violation of the Fair Labor Standards Act of 1938**

12      (On behalf of Plaintiff individually and All Others Similarly Situated)

13      55.    Plaintiff realleges by reference, as if fully set forth herein, all of the
14   above Paragraphs.

15      56.    At all times material herein, Plaintiff has been entitled to the rights,
16   protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

17      57.    The FLSA regulates, among other things, the payment of overtime
18   pay by employers whose employees are engaged in interstate commerce.   29
19   U.S.C. § 207(a)(1).

20      58.    Defendants are subject to the overtime pay requirements of the FLSA
21   because they are enterprises engaged in interstate commerce and its employees are
22   engaged in commerce.

23      59.    Defendants violated the FLSA by failing to keep accurate records and
24   failing to pay all wages earned, including overtime compensation.

25      60.    Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain
26   categories of employees from overtime pay obligations.   None of the FLSA
27   exemptions apply to Plaintiff or the collective class of similarly situated employees
28   on whose behalf the present Action has been brought.

61.     Plaintiff and all similarly situated employees are entitled to damages equal to mandated minimum and overtime pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

62.     Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid earned wages, including overtime pay, described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).  Additionally, should the Court find Defendants did not act willfully in failing to pay minimum and overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

63.     As a result of the aforementioned willful violations of the FLSA, Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, prejudgment interest, reasonable attorneys' fees and costs of this Action.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on his own behalf and on behalf of all others similarly situated, prays for judgment as follows:

1.     That the Court issue an Order certifying the alleged Class in Counts I, II and III, and the alleged Subclass in Count IV, appointing the named Plaintiff as representative of all others similarly situated and appointing the law firm(s) representing the named Plaintiff as counsel for members of the Class and Subclass;

2.     That the Court issue an Order certifying that Count V may be maintained as a collective action pursuant to 29 U.S.C. § 216(b);

COMPLAINT

24. For an award of prejudgment interest (to the extent that liquidated damages are not awarded);

25. For attorneys' fees pursuant to pursuant to 29 U.S.C. § 216(b);

26. For costs of suit incurred herein pursuant to 29 U.S.C. § 216(b);

27. For such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: June 21, 2010                    EMGE & ASSOCIATES

                                        Derek J. Emge
                                        EMGE & ASSOCIATES
                                        525 "B" Street, Suite 760
                                        San Diego, CA 92101
                                        Telephone: (619) 595-1400
                                        Facsimile: (619) 595-1480
                                        derek@emgelawfirm.com

                                        LAW OFFICES OF DAVID A. HUCH
                                        David A. Huch
                                        310 N. Indian Hill Blvd., Suite 459
                                        Claremont, CA 91711
                                        Telephone: (888) 533-2899
                                        Facsimile: (909) 614-7008
                                        dhuch@onebox.com

20                                                        COMPLAINT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV10- 4558 AHM (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
EMGE & ASSOCIATES
Derek J. Emge; SBN: 161105
525 B Street, Suite 760
San Diego, CA 92101
(Please see attorney list for more information)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| WESLEY NIELSEN, Individually and On Behalf of All Others Similarly Situated, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV 10 - 04558 AHM |
| v. | |
| HILTON WORLDWIDE, INC., a Delaware Corporation; HILTON RESERVATIONS WORLDWIDE, LLC; a Delaware Limited Liability Company; and DOES 1 through 50, inclusive DEFENDANT(S). | SUMMONS    SSx |

TO:   DEFENDANT(S): HILTON WORLDWIDE, INC., a Delaware Corporation; HILTON
RESERVATIONS WORLDWIDE LLC; a Delaware Limited Liability Company; and DOES 1 through
50, inclusive
A lawsuit has been filed against you.

Within _21_ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Derek J. Emge_____, whose address is EMGE & ASSOCIATES 525 B Street, Suite 760, San Diego, CA 92101___. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

TERRY NAFISI

Clerk, U.S. District Court

Dated: JUN 2 1 2010 _____

By: _____
Deputy Clerk   MARGO MEAD

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**WESLEY NIELSEN, Individually and On Behalf of All Others Similarly Situated,**
  **v.**
**HILTON WORLDWIDE, INC., a Delaware Corporation; HILTON RESERVATIONS WORLDWIDE, LLC; a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,**

**Plaintiff's Attorney List**

EMGE & ASSOCIATES
Derek J. Emge; SBN: 161105
525 B Street, Suite 760
San Diego, CA 92101
Phone: 619-595-1400
Fax:   619-595-1480


LAW OFFICES OF DAVID A. HUCH
DAVID A. HUCH; SBN: 222892
dhuch@onebox.com
310 N. Indian Hill Blvd., Suite 459
Claremont, CA  91711
Telephone:     (888) 533-2899
Facsimile:     (909) 614-7008

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> WESLEY NIELSEN, Individually and On Behalf of All Others Similarly Situated | DEFENDANTS <br> HILTON WORLDWIDE, INC., a Delaware Corporation; HILTON RESERVATIONS WORLDWIDE, LLC; a Delaware Limited Liability Company; and DOES 1 through 50, inclusive |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Derek J. Emge; SBN: 161105 <br> David A. Huch; ABN: 222892 <br> (Please see attorney list for more information | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No    ☑ MONEY DEMANDED IN COMPLAINT: $ exceeding $5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. 216- Violation of the Fair Labor Standards Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☑ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV 10 - 04558 AHM

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX.  VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside, CA | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Hilton Worldwide, Inc.; Virginia<br>Hilton Reservations Worldwide, Inc.; Beverly Hills, CA |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside, CA | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   6/21/10

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**WESLEY NIELSEN, Individually and On Behalf of All Others Similarly Situated,**
**v.**
**HILTON WORLDWIDE, INC., a Delaware Corporation; HILTON RESERVATIONS**
**WORLDWIDE, LLC; a Delaware Limited Liability Company; and DOES 1 through 50,**
**inclusive,**

**Plaintiff's Attorney List**

EMGE & ASSOCIATES
Derek J. Emge; SBN: 161105
525 B Street, Suite 760
San Diego, CA 92101
Phone: 619-595-1400
Fax:    619-595-1480


LAW OFFICES OF DAVID A. HUCH
DAVID A. HUCH; SBN: 222892
dhuch@onebox.com
310 N. Indian Hill Blvd., Suite 459
Claremont, CA  91711
Telephone:      (888) 533-2899
Facsimile:      (909) 614-7008